## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

VERONICA PADILLA,

        Plaintiff,

                                No. 20-CV-00633-MV-LF

    v.

GEICO GENERAL INSURANCE COMPANY;
RANDI SPARKS; MICHAEL HENDERSON;
GEICO INSURANCE AGENT JAY LAPIERRE;
GEICO INSURANCE AGENT DON BROWN;
GEICO INSURANCE AGENT EDUARDO LEMUS; and
JOHN AND JANE DOES 1–10,

        Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Veronica Padilla's ("Plaintiff's") Motion and Supporting Memorandum to Remand to State District Court. Doc. 13. Defendants GEICO General Insurance Company, Randi Sparks, and Michael Henderson ("Defendants") filed a response in opposition [Doc. 17] and Plaintiff filed a reply [Doc. 26]. Having considered the briefs, exhibits, relevant law, and being otherwise fully informed, the Court finds that the motion is well-taken and will be **GRANTED**. The Court will accordingly remand the case back to the First Judicial District Court pursuant to 28 U.S.C. §§ 1447(c) and (e).

### BACKGROUND

After Plaintiff filed this case in New Mexico state court, Defendants removed it to this Court under 28 U.S.C. §§ 1332, 1441(a), and 1446 on the basis of federal diversity jurisdiction. *See* Doc. 1. Defendants argued that the removal satisfied § 1332's complete diversity requirement because Jay Lapierre, a non-diverse defendant named in Plaintiff's First Complaint, was fraudulently joined and should be disregarded. *Id*. at 4. For support, Defendants attached an

affidavit stating that Mr. Lapierre was not involved in the sale of the insurance policy that forms the basis of Plaintiff's claims; instead, the affidavit names Don Brown and Eduardo Lemus as the relevant GEICO employees involved in the sale.  *Id*. at Ex. B.

Armed with this new information, Plaintiff filed an Amended Complaint joining Mr. Brown and Mr. Lemus as defendants.  Doc. 12.  She then moved to remand the case back to state court because, like Mr. Lapierre, Mr. Brown and Mr. Lemus are citizens of New Mexico whose joinder defeats complete diversity and thus this Court's federal subject-matter jurisdiction [Doc. 13].  In opposing the requested remand, Defendants do not argue that Mr. Brown and Mr. Lemus were improperly joined; instead, they argue that the Court should ignore the Amended Complaint altogether and only consider whether federal jurisdiction existed at the time they removed the case.  *See* Doc. 17.  But that argument overlooks 28 U.S.C. § 1447, which requires a case removed to federal court to be remanded to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction" and which explicitly allows district courts to "permit joinder and remand [an] action to the State court" from which it was removed if "after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction."  28 U.S.C. §§ 1447(c) and (e).  Because Plaintiff properly joined Mr. Brown and Mr. Lemus as defendants in her Amended Complaint, and because their presence destroys the complete diversity upon which Defendants relied in removing this case to federal court, the Court will remand the case back to state court under 28 U.S.C. §§ 1447(c) and (e).

## I.     Plaintiff's First Complaint

On May 7, 2020, Plaintiff filed her First Complaint in the First Judicial District Court in Santa Fe.  Doc. 1 Ex. A.  The First Complaint alleges the following: Plaintiff is a New Mexico resident who purchased a car insurance policy from GEICO General Insurance Company

("GEICO").  *Id.* at 1–2.  On  November 17, 2017, Plaintiff and her husband, Thomas Padilla, were driving on Unser Boulevard Northwest in Albuquerque when they were rear-ended by another driver, Mireya Guadalupe Garcia, who was driving a vehicle owned and insured by an individual named Carlos Zazueta Gutierrez.  *Id.* at 5.  Ms. Garcia negligently and/or recklessly caused the accident and as a result Plaintiff suffered property damage to her vehicle as well as serious injuries for which she required medical care.  *Id.* at 6.  Ms. Garcia and Mr. Gutierrez had car insurance through the Hallmark Insurance Company, but they were "grossly underinsured" because their liability coverage was limited to $25,000 per person and $50,000 per occurrence.  *Id.* at 7.  And although Plaintiff's injuries extended "far beyond" the limits of Ms. Garcia and Mr. Gutierrez's insurance policy, Hallmark Insurance tendered only $25,000, the applicable policy maximum, to Plaintiff in resolution of her claims.  *Id.*

The First Complaint continues that on March 5, 2020, Plaintiff notified GEICO of the situation and asked it to assent to her $25,000 settlement with Hallmark.  *Id.*  GEICO assented four days later, and as a result Plaintiff accepted the settlement, "thereby placing her trust in Defendant GEICO to make her whole within the terms of her policy insurance and pursuant to her Underinsured coverage limits."  *Id.*  After the resolution of the underlying claims with Hallmark, however, GEICO "failed to promptly or adequately evaluate [Plaintiff's] claims for serious personal injuries and punitive damages emanating from the underlying crash;" it "willfully, intentionally, and/or deliberately undervalued Plaintiff's claims, for a corporate profit motive;" it "acted unreasonably thereby exercising frivolous or unfounded refusal to pay a valid claim for UM/UIM motorist benefits;" and it "failed to act in good faith and deal honestly and fairly with the insured, forcing Plaintiff to institute lawsuit for breach of contract and insurance bad faith

3

against GEICO for violation of the insurers' Contractual, Common Law and Statutory duties." *Id.* at 8–9.

Plaintiff's First Complaint ultimately states seven claims: (1) Breach of Contract and Fiduciary Duties Arising Therefrom; (2) Claim for Underinsured Motorist Benefits; (3) Insurance Bad Faith; (4) Breach of the Implied Covenant of Good Faith and Fair Dealing; (5) Violation of the Trade Practices and Frauds Act (Article 16) of the Insurance Code ("TPFA") & NMSA Unfair Claims Practices Act (UIPA) § 59A-16-20 *et. seq.*; (6) Violation of Unfair Trade Practices (Article 12) & NMSA Unfair Practices Act (UPA) § 57A-12-1 *et. seq.*; and (7) Negligent Misrepresentation.[1]  *Id.* at 17–33.  As defendants, the First Complaint names GEICO; GEICO claim representatives Randi Sparks and Michael Henderson; GEICO Agent Jay Lapierre, who is a New Mexico resident; and John Does 1–10, who are "presently unknown entities, employees, adjusters, claim representatives, individuals, agents, contractors, employers, or subsidiaries of Defendant GEICO." *Id.* at 1–4.  For relief, Plaintiff requests compensatory, exemplary, and punitive damages; treble damages under NMSA 1978, § 57-12-10(B) and any and all damages permitted under NMSA 1978, §§ 57-12-1 through 26; costs and expenses, including attorney's fees; pre- and post-judgment interest; and any other relief the court deems necessary and appropriate. *Id.* at 33–34.

## II.    Defendants' Notice of Removal

On July 1, 2020, Defendants GEICO and Michael Henderson filed a Notice of Removal removing the case from the First Judicial District Court to this Court under 28 U.S.C. §§ 1332, 1441(a), and 1446.  Doc. 1 at 1.  The Notice submits that this Court has subject-matter jurisdiction

---

[1] The Court will not recount the detailed allegations in each of Plaintiff's claims because those details are ultimately not dispositive of whether this case should be remanded to state court for jurisdictional reasons under 28 U.S.C. § 1447.

over the case pursuant to § 1332 because the amount in controversy exceeds $75,000 and because "complete diversity exists among the properly-joined parties." *Id*. at 2. With regard to complete diversity, the Notice represents that defendants GEICO, Michael Henderson, and Randi Sparks are citizens of states other than Plaintiff's home state of New Mexico and that the New Mexico citizenship of defendant Jay Lapierre "may be disregarded for purposes of diversity" because Mr. Lapierre was fraudulently joined as a defendant in the lawsuit. *Id*. at 3–4. More specifically, the Notice argues that there is "no basis in fact or law for Plaintiffs [sic] to assert any claims against Defendant Jay Lapierre" because Plaintiff did not purchase her GEICO insurance policy from him. *Id*. at 5. Instead, according to an affidavit Defendants attached to the Notice of Removal as Exhibit B, a GEICO field representative named Don Brown sold Plaintiff's policy to her in 2013 and another GEICO employee named Eduardo Lemus took payment for the policy. *Id*. at Ex. B. at 2.

### III.    Plaintiff's Amended Complaint

On July 17, 2020, just over two weeks after Defendants filed their Notice of Removal and approximately 17 days after Plaintiff was served with an Answer to her First Complaint by Defendants GEICO and Michael Henderson, Plaintiff filed an Amended Complaint. Doc. 12; *see also* Doc. 13 at 6. The Amended Complaint largely echoes the First Complaint but adds Mr. Brown and Mr. Lemus as defendants and incorporates them into Plaintiff's factual allegations and claims.[2] *See id*. at 4–5. The Amended Complaint also states that Mr. Brown and Mr. Lemus are citizens of New Mexico and were residents of Albuquerque at all times relevant and material to this case. *Id*. at 4.

### IV.    Plaintiff's Motion to Remand

Then, on July 18, 2020, Plaintiff filed the instant motion to remand the case back to state

---

[2] The Amended Complaint also uses the term "John and Jane Does," instead of just "John Does," to refer to the presently unknown defendants and adds an eighth claim for punitive damages. *Id*. at 6, 39.

court.  Doc. 13.  In it, Plaintiff argues that this Court lacks diversity jurisdiction over the case under § 1332 because she and "one or more of the Defendants share the same state of citizenship (New Mexico) … and, as such, jurisdiction and venue rest with the First Judicial District Court for the State of New Mexico."  *Id*. at 1.  More specifically, Plaintiff argues that the Court lacked jurisdiction over this case at the time of removal because her First Complaint properly named a non-diverse defendant, Jay Lapierre, and that, in any event, the Court lacks jurisdiction now that her Complaint, which she amended as of a matter of course under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, properly names two additional non-diverse defendants: Don Brown and Eduardo Lemus.  *Id*. at 7.

In response, Defendants reiterate their argument that Mr. Lapierre was fraudulently joined as a defendant and should be disregarded for the purposes of diversity.  Doc. 17 at 2.  Defendants do not make the same argument about Mr. Brown and Mr. Lemus, however.  *See generally id*. Instead, they submit that Plaintiff's joinder of Mr. Brown and Mr. Lemus in her Amended Complaint does not destroy this Court's diversity jurisdiction because the Court "must determine removal jurisdiction based on the status of the parties *at the time of removal*" and must therefore "focus on Plaintiff's claims against Mr. Lapierre, as set forth in the initial Complaint."  *Id*. (emphasis added).  In reply, Plaintiff argues that Defendants' response applies the wrong legal standard because it ignores the federal statute, 28 U.S.C. § 1447, that explicitly contemplates a federal court's ability to remand a case to state court after removal if the plaintiff seeks to join defendants whose joinder would destroy the court's diversity jurisdiction.  Doc. 26 at 1–2.

## STANDARD

Under 28 U.S.C. § 1441(a), a defendant in a civil action brought in state court may remove the action to the federal district court "embracing the place where such action is pending" if the

federal court would have had original jurisdiction over the suit.  To affect a proper removal under the statute, a defendant must:

> [F]ile in the district court … a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a).  "The removing defendant bears the burden of establishing that removal is proper."[3]  *Carroll v. City of Albuquerque*, 749 F. Supp. 2d 1216, 1222 (D.N.M. 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008)).  That includes proving contested jurisdictional facts by a preponderance of the evidence.  *McPhail*, 529 F.3d at 953 (citing *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006)).

Among the cases removable to federal court are those that invoke its original jurisdiction through diversity of citizenship.  *See* 28 U.S.C. § 1332.  To create so-called "diversity jurisdiction" under § 1332, a civil action must meet two basic requirements: (1) it must have the requisite level of diversity of citizenship among its parties and (2) it must place a specified amount of money in controversy.  *See* §§ 1332(a), (d)(2). Non-class actions proceeding under § 1332(a) must have "complete diversity," meaning that "no plaintiff may be a citizen of the same state as any defendant."  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).  "A party's 'citizenship' for purposes of

---

[3] Because federal courts are courts of limited jurisdiction, the Tenth Circuit has also traditionally applied a presumption against removal.  *See, e.g., Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) *abrogated on other grounds by Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81 (2014).  In *Dart Cherokee Operating Basin Co. v. Owens*, the Supreme Court ruled that such a presumption should not apply to cases removed under 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act or "CAFA," but declined to similarly rule on "mine-run diversity cases" or cases involving potential federal questions.  574 U.S. at 90.  As a result, courts in this district continue to recite the presumption against removal in non-CAFA cases.  *See City of Neodesha v. BP Corp. North America*, 176 F. Supp. 3d 1233, 1237 n.9 (D. Kan. 2016) (listing cases).  The Court need not decide whether applying such a presumption remains appropriate because it is not dispositive in this case.

federal jurisdiction is determined by looking to the person's domicile." *Hassan v. Allen*, No. 97-4005, 1998 WL 339996, at \*5 (10th Cir. 1998) (unreported) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). "Domicile, in turn, is determined by finding the last place where a person resided with an intention of remaining there indefinitely." *Hassan*, 1998 WL 339996 at \*5 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). A corporation is deemed to be a "citizen" of every state and foreign state in which it has been incorporated as well as the state or foreign state in which it has its "principal place of business." § 1332(c).

Section 1332 also creates different "amount in controversy" requirements for class and non-class actions. *See* § 1332(a), (d)(2). To give rise to jurisdiction under § 1332(a), an individual action need only place more than $75,000 in controversy. § 1332(a). The amount in controversy is "an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d at 953. When a plaintiff's complaint states a specific amount in controversy, that amount should be accepted if made in good faith. *See Dart Cherokee*, 574 U.S. at 84 (citing 28 U.S.C. § 1446(c)(2)). When a complaint does not state a specific amount in controversy, a defendant's notice of removal may do so. *Id.* (citing § 1446(c)(2)(A)). The notice of removal "need not contain evidentiary submissions" to adequately plead the amount in controversy; it need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.*, at 84, 89. This is not a high bar, as the Tenth Circuit has recently explained: the proponent of federal jurisdiction need only show that "a fact finder *might* legally conclude" that damages exceed the statutory amount. *Hammond v. Stamps.com*, 844 F.3d 909, 912 (10th Cir. 2016) (emphasis in original) (citations omitted).

Federal courts may remand certain actions back to state court under 28 U.S.C. § 1447. The Tenth Circuit has recognized two grounds for remand under the statute: (1) a lack of subject-matter

jurisdiction and (2) a defect in the removal procedure. *See Miller v. Lamberth*, 443 F.3d 757, 759 (10th Cir. 2006) (citations omitted). Procedural defects must be raised within 30 days after the defendant files the notice of removal; a lack of subject matter jurisdiction can be raised at any time before final judgment. § 1447(c). Under § 1447(e), if after removal a plaintiff "seeks to join additional defendants whose joinder would destroy subject matter jurisdiction," the federal district court "may deny joinder, or permit joinder and remand the action to the State court." § 1447(e). A district court's decision to remand a case for lack of subject-matter jurisdiction under § 1447(c) is not reviewable on appeal. *Powerex Corp. v. Reliant Energy Serv., Inc.*, 551 U.S. 224, 232 (2007) (citing 28 U.S.C. § 1447(d)). This bar on appellate review applies to remands based on post-removal joinder under § 1447(e) as well. *See Elite Oil Field Enterprises, Inc. v. Reed*, 979 F.3d 857, 865 (10th Cir. 2020).

## DISCUSSION

Plaintiff argues that this case must be remanded back to New Mexico state court because defendants Jay Lapierre, Don Brown, and Eduardo Lemus were properly joined and destroy the complete diversity required to sustain this Court's subject-matter jurisdiction under § 1332. Doc. 13 at 7. For the reasons explained below, the Court agrees. First, however, the Court must address Defendants' argument that Plaintiff's addition of Mr. Brown and Mr. Lemus "cannot be used to defeat diversity after the matter has been removed" because "[a] federal court's subject-matter jurisdiction ordinarily is determined by the situation at the time that jurisdiction is invoked." Doc. 17 at 4.

The central problem with Defendants' argument is that it ignores the federal statute and controlling caselaw that make clear that a district court *can* lose subject-matter jurisdiction over a case after it has been removed and that a district court can remand a case back to state court

*precisely because* the plaintiff joined new, non-diverse defendants after removal.  The relevant federal statute is 28 U.S.C. § 1447, entitled "Procedure after removal generally."  Subsection (c) states that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  § 1447(c).  Even more directly on point is subsection (e), which states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, *or permit joinder and remand the action to the State court*."  § 1447(e) (emphasis added).  Section 1447 therefore explicitly contemplates and allows the very thing Defendants are claiming to be improper: remand on the basis of a plaintiff's post-removal joinder of defendants whose joinder would destroy complete diversity and therefore federal subject-matter jurisdiction under § 1332.

In arguing that the Court must make its remand decision solely on the basis of whether jurisdiction existed at the time of removal, Defendants are advancing a view of the law that the Supreme Court rejected over 13 years ago and that Congress eliminated over 30 years ago when it amended § 1447 in 1988.  In the 2007 case *Powerex Corp. v. Reliant Energy Services, Inc.*, the Supreme Court considered whether the remand provision in § 1447(c) only requires district courts to remand cases suffering from a defect in subject matter jurisdiction "*at the time of removal* that rendered *the removal itself* jurisdictionally improper."  551 U.S. 230 (emphasis in original).  In rejecting that interpretation, the Court pointed to the fact that prior to 1988, § 1447(c)'s remand provision applied only to cases that were "removed improvidently or without jurisdiction."  *Id.* at 231.  That version of statute "obviously … authorized remand only for cases that were *removed* improperly."  *Id.* (emphasis in original).  In 1988, however, Congress amended the statute and replaced the phrase "removed improvidently" with the phrase "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  *Id.*  The same year,

10

Congress also created the provision in subsection (e) that allows district courts to remand cases based on post-removal joinder that would destroy their subject-matter jurisdiction. *Id*. at 231–32. The Supreme Court found that this legislative history "unambiguously demonstrates that a case can be properly removed and yet suffer from a failing in *subject-matter jurisdiction* that requires remand." *Id*. at 232 (emphasis in original). Reviewing the same statutory provisions, the Tenth Circuit has also declared: "To be sure, if a non-diverse party is added to the complaint at any time prior to final judgment, the case must be remanded to state court." *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (citing §§ 1447(c) and (e)); *see also Reed*, 979 F.3d at 865 (discussing the 1988 amendment to § 1447 and the Supreme Court's clarification of the law in *Powerex*).

The Court accordingly rejects Defendants' suggestion that it may only consider whether subject-matter jurisdiction existed at the time of removal in deciding whether to grant the requested remand. As a result, the Court need not resolve whether it should disregard Mr. Lapierre's New Mexico citizenship due to fraudulent joinder in the First Complaint if it finds that Mr. Brown and Lemus were properly joined in the Amended Complaint and are also New Mexico citizens whose joinder would defeat complete diversity. Taking up the second question first, Plaintiff represents in her Amended Complaint that Mr. Brown and Mr. Lemus are citizens of New Mexico who at all material times lived and worked in Albuquerque. *See* Doc. 12 at 4–5. Although Defendants do not directly address Mr. Brown and Mr. Lemus's citizenship in their response, they do not suggest that Mr. Brown and Mr. Lemus are citizens of any other state (a fact that would defeat Plaintiff's jurisdictional argument for remand). *See* Doc. 17. The Court therefore accepts Plaintiff's representations and finds that New Mexico is the last place Mr. Brown and Mr. Lemus resided with the intention of remaining indefinitely, making New Mexico their domicile and therefore state of citizenship for the purposes of this Court's jurisdiction. *See Hassan*, 1998 WL 339996 at * 5.

11

Because Mr. Brown and Mr. Lemus are citizens of New Mexico like Plaintiff, they would destroy complete diversity and thus this Court's subject-matter jurisdiction if properly joined. *See Grynberg*, 805 F.3d at 905.  Although this seems like a straightforward question, courts have applied different standards in determining the propriety of a plaintiff's post-removal joinder of non-diverse defendants. *See Elite Oil Field Enterprises, Inc. v. Reed*, No. 19-cv-00539-RBJ, 2019 WL 9045251, at *2–3 (D. Colo. Sept. 23, 2019) (unreported) (discussing different standards).  One point of contention is what discretion, if any, district courts have to deny joinder under § 1447(e) when the diversity-destroying defendants were joined as part of a plaintiff's amendment of their complaint as a matter of course under Rule 15(a)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(1) (allowing a party to amend its pleading once as a matter of course within 21 days after serving it or 21 days after the service of a responsive pleading or a motion under Rule 12(b), (e), or (f)).  In an oft-cited footnote in *Mayes v. Rappaport*, 198 F.3d 457, 462 n.11 (4th Cir. 1999), the Fourth Circuit remarked that "[r]eading Rule 15(a) in connection with Fed. R. Civ. P. 19 and 21, and 28 U.S.C. § 1447(e)" leads to the conclusion that "a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court."  Courts have also highlighted the practical concern that "if a plaintiff could destroy diversity jurisdiction merely by naming a non-diverse defendant after removal, without seeking leave of the court, … a plaintiff whose only motive was to avoid the federal forum could do so simply by amending the complaint once it was removed." *Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309, 1313 (M.D. Ala. 2000).  Other courts have noted, however, that the plain language of § 1447(e) does not appear to apply to the joinder of new defendants in a complaint amended under Rule 15(a)(1) because § 1447(e) gives courts the discretion to permit or deny joinder where a plaintiff "*seeks* to join additional defendants" and not where a plaintiff has already

joined additional defendants once "as a matter of course" under the Rule. *See, e.g., Buffalo State Alumni Ass'n v. Cincinnati Ins. Co.*, 251 F. Supp. 3d 566, 575 (W.D.N.Y. 2014) (McCarthy, MJ), *report and recommendation adopted*, 251 F. Supp. 3d 566. And to the extent there are policy reasons to give district courts the discretion to deny joinder in that situation, "policy arguments come into play only to the extent that language is ambiguous." *Id.* (citing *Sebelius v. Cloer*, 569 U.S. 369, 381 (2013)) (internal brackets omitted).

Another point of contention is how district courts considering the post-removal addition of non-diverse defendants should evaluate them under the Federal Rules of Civil Procedure governing joinder. In *McPhail v. Deere & Co.*, the Tenth Circuit stated in dicta that district courts should first consider whether the new defendants are indispensable parties whose joinder is required by Rule 19 before considering whether they should be joined permissively under Rule 20(a)(2). 529 F.3d at 951–52. At least one court in the District of New Mexico has pointed out, however, that non-diverse defendants will *never* be considered required parties under Rule 19 because the Rule only requires the joinder of defendants "whose joinder *will not deprive the court of subject-matter jurisdiction*." *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 970 (D.N.M. 2018) (emphasis added) (quoting Fed. R. Civ. P. 19). As a result, the analysis suggested in *McPhail* immediately proceeds to the question of whether the joinder of the non-diverse defendants should be permitted under Rule 20(a)(2). *Id.*

While more clarity on these questions would be helpful, the Court ultimately finds that Mr. Brown and Mr. Lemus were properly joined as defendants in Plaintiff's Amended Complaint no matter which standard applies and even assuming that § 1447(e) gives the Court discretion over joinder in a situation such as this where the defendants in question were joined in a complaint that

13

was amended as a matter of course under Rule 15(a)(1).[4]  Applying the permissive joinder standard in Rule 20(a)(2), Plaintiff asserts a right of relief against Mr. Brown and Mr. Lemus jointly and it is one that arises out of the same transaction or series of transactions: namely, their sale of Plaintiff's GEICO car insurance policy to her and misrepresentations they allegedly made in relation to that sale.  *See* Doc. 12 at 10; *see also* Fed. R. Civ. P. 20(a)(2)(A).  The Amended Complaint also raises "question[s] of law or fact" common to Mr. Brown and Mr. Lemus, including what statements they did or did not make to Plaintiff during the course of their transactions and whether they both breached the implied convent of good faith and fair dealing, as Plaintiff alleges. *See id*. at 26–28; *see also* Fed. R. Civ. P. 20(a)(2)(B).

Plaintiff's joinder of Mr. Brown and Mr. Lemus also satisfies the factors district courts generally consider when deciding whether to discretionarily allow the joinder of parties under Rule 20(a)(2), including "whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith."  *McPhail*, 529 F.3d at 952.  Although the joinder of Mr. Brown and Mr. Lemus might prejudice Defendants insofar as it authorizes this Court to remand the case back to state court, Defendants have presented no arguments to suggest that such prejudice would be "undue" or that the joinder was inexplicably delayed or made in bad faith; to the contrary, Plaintiff makes clear in her motion to remand that she joined Mr. Brown and Mr. Lemus as defendants as a result of the clarification in the *removing defendants' affidavit* that Mr. Brown and Mr. Lemus were the correct GEICO employees that sold her car insurance policy to her.  *See* Doc. 13 at 3 (stating that Plaintiff added Mr. Brown and Mr. Lemus as defendants in her Amended Complaint "based upon the sworn testimony of Defendant

---

[4] Plaintiff filed her Amended Complaint on July 17, 2020, within 21 days of Defendants GEICO and Michael Henderson's service of their Answer to her First Complaint, allowing the amendment as a matter of course under Rule 15(a)(1).  *See* Doc. 13 at 6–7; *see also* Fed. R. Civ. P. 15(a)(1)(B).

GEICO's own witness, Joshua Norris").  The Court will accordingly exercise its discretion to permit the joinder under Rule 20(a)(2).  *See* Fed. R. Civ. P. 20(a)(2).

Further, while the Tenth Circuit has not yet articulated any particular test or set of factors district courts should apply when considering whether to permit joinder under § 1447(e), *see Reed*, 2019 WL 9045251 at *2, other federal courts of appeals have identified several factors to consider, including (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction, (2) the timeliness of the request to remand, (3) whether the plaintiff will be significantly injured if joinder is not allowed, and (4) any other relevant equitable considerations. *See Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752 (7th Cir. 2009) (citing cases including *Bailey v. Bayer CropScience L.P.,* 563 F.3d 302, 309 (8th Cir. 2009); *Mayes*, 198 F.3d at 462; and *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  These factors also weigh in favor of joinder (or at least do not weigh against it) because the record suggests that Plaintiff joined Mr. Brown and Mr. Lemus out of a motivation to name the proper defendants rather than to defeat this Court's jurisdiction; Plaintiff's request is timely because she filed her Amended Complaint just over two weeks after being notified about Mr. Brown and Mr. Lemus through Defendants' affidavit, and then filed her motion to remand the following day; and considerations of equity support allowing Plaintiff to join Mr. Brown and Mr. Lemus, the individuals that Defendants themselves identified as the relevant GEICO employees who sold Plaintiff the insurance policy at issue, as defendants.

Finally, there is no evidence to suggest that Mr. Brown and Mr. Lemus should be rejected as defendants on the ground of fraudulent joinder (nor have Defendants claimed that they were fraudulently joined).  "To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a

cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)). "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). While Defendants argued in their Notice of Removal that Mr. Lapierre was fraudulently joined, they have not levied the same argument against Mr. Brown and Mr. Lemus. *See generally* Doc. 17. Nor could they, because their argument that Mr. Lapierre was fraudulently joined centers on the fact that he "did not participate in the sale of the [insurance] policy to the Padillas." *Id.* at 8. As the Court has discussed, Defendants themselves have clarified that Mr. Brown and Mr. Lemus *did* participate in the sale of the subject insurance policy to Plaintiff. *Id.* at 2. There is therefore no reason to suspect "actual fraud in the pleading of jurisdictional facts" and Defendants have not presented any arguments for why Plaintiff will be unable to establish a cause of action against Mr. Brown and Mr. Lemus in state court. *Dutcher*, 733 F.3d at 988. Regardless of whether the doctrine fraudulent joinder applies to the first non-diverse defendant named by Plaintiff, Mr. Lapierre,[5] it does not apply to Mr. Brown and Mr. Lemus.

For all of these reasons, the Court finds that Mr. Brown and Mr. Lemus were properly joined in Plaintiff's Amended Complaint and, to the extent the Court's permission is required, the Court will exercise its discretion to permit their joinder. And because the joinder of Mr. Brown and Mr. Lemus destroys complete diversity and thus this Court's subject-matter jurisdiction under § 1332(a), the case must be remanded back to the state court from which it came—the First Judicial District Court in Santa Fe—under 28 U.S.C. §§ 1447(c) and (e).

---

[5] The Court takes no position on this issue.

16

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion and Supporting Memorandum to Remand to State District Court [Doc. 13] is hereby **GRANTED**.  The Clerk of Court is accordingly directed to remand the instant action back to the First Judicial District Court in Santa Fe County under 28 U.S.C. §§ 1447(c) and (e) for lack of subject-matter jurisdiction.

ENTERED this 26th day of January, 2021.


_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE